UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| JOE HALEY,<br><br>    Plaintiff,<br><br>V.<br><br>INDUSTRY NINE, LLC,<br><br>    Defendant. | CIVIL ACTION FILE NO.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW Plaintiff, Joe Haley ("Plaintiff" or "Mr. Haley"), by and through undersigned counsel, The Kirby G. Smith Law Firm, LLC, and hereby files this Complaint against the Defendant Industry Nine, LLC ("Defendant" or "Industry Nine"), stating as follows:

### I. PARTIES

1. Plaintiff is a citizen of the United States and a resident of Buncombe County, NC.

2. Defendant is a corporation registered to conduct business in the State of North Carolina.

3. Defendant may be served through its registered agent, Industry Nine Componentry, Inc., located at 21 Old County Home Road, Asheville NC 28806.

### II. JURISDICTION AND VENUE

4. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over Counts I and III of this Complaint, which arise out of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the Families First Coronavirus Response Act (FFCRA), 2020 Enacted H.R. 6201.

5. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over Count II

and IV of this Complaint, which arise under the Family and Medical Leave Act, 29 U.S.C. § 2601, et seq. ("FMLA"), and the FFCRA.

6. This Court has jurisdiction over the parties of this action because a substantial portion of the employment practices described herein took place in Buncombe County, North Carolina.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

8. Defendant's primary business activity is producing and marketing cycling accessories that are moved in interstate commerce.

9. Defendant employed fewer than 500 employees at all times relevant to this matter.

10. Defendant is subject to the requirements of FLSA and the Emergency Paid Sick Leave Act (EPSLA). (*See* FFCRA, Div. E, Sec. 5110).

11. Defendant employed fifty (50) employees or more within 75 miles at all times relevant to this lawsuit.

12. Defendant is subject to the requirements of the FMLA and the Emergency Family and Medical Leave Expansion Act (EFMLEA).

## III. FACTUAL ALLEGATIONS

13. Plaintiff worked for Defendant as an International Sales Account Manager

14. Plaintiff began working for Defendant in 2014.

15. On August 10, 2020, Plaintiff informed Defendant that his daughter's school opted to postpone classroom attendance for the first six (6) weeks of the school year due to the COVID-19 pandemic.

16. Plaintiff's daughter's remote learning was scheduled to begin on August 17.

17. As a result of the telecommuting scheduling, Plaintiff needed to stay home with his daughter.

18. Plaintiff's daughter was under the age of 18.

19. On August 14, Plaintiff submitted a Request Leave Form under the FFCRA.

20. Plaintiff's estimated period of leave was from August 17 through September 28, 2020.

21. On August 20, 2020, Defendant's Owner, Mr. Clint Spiegel, terminated Plaintiff.

## IV. CLAIM FOR RELIEF

### COUNT I

### FMLA RETALIATION

22. Plaintiff incorporates by reference paragraphs 1-21 of his Complaint as if fully set forth herein.

23. Plaintiff was eligible for expanded FMLA leave (included paid leave) under the EFMLEA because he had a qualifying need related to a public health emergency.

24. Plaintiff engaged in protected activity under the FMLA/EFMLEA when he requested leave to stay home with his daughter and then remained home for several days.

25. Defendant terminated Plaintiff, which constitutes an adverse action.

26. The temporal proximity between Plaintiff's protected activity and his termination is evidence of causation.

### COUNT II

### FLSA/EPSLA RETALIATION

27. Plaintiff incorporates by reference paragraphs 1-21 of his Complaint as if fully set forth herein.

28. Plaintiff was eligible for paid leave under the EPSLA because he needed to care for a minor child who could not attend school due to COVID-19 precautions.

29. Plaintiff engaged in protected activity under the EPSLA when he took leave.

30. Defendant terminated Plaintiff, which constitutes an adverse action.

31. The temporal proximity between Plaintiff's protected activity and his termination is evidence of causation.

## COUNT III

## FMLA/EFMLEA UNPAID WAGES

32. Plaintiff incorporates by reference paragraphs 1-21 of his Complaint as if fully set forth herein.

33. Plaintiff was eligible for expanded FMLA leave (included paid leave) under the EFMLEA because he had a qualifying need related to a public health emergency.

34. Defendant should have paid Plaintiff $1,000 per week from August 31, 2020 through September 28, 2020, $4,000 in total.

35. Defendant did not make such payments.

## COUNT IV

## FLSA/EPSLA UNPAID WAGES

36. Plaintiff incorporates by reference paragraphs 1-21 of his Complaint as if fully set forth herein.

37. Plaintiff was eligible for paid leave under the EPSLA because he needed to care for a minor child who could not attend school due to COVID-19 precautions.

38. For the two weeks of EPSLA, Defendant should have paid Plaintiff $2,269.23.

39. Defendant did not make such payments.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

a. Trial by jury;

b.  A finding that Defendant violated Plaintiff's rights as set forth herein;

c.  Full back pay plus interest, front pay, liquidated damages, compensatory damages, punitive damages, unpaid wages, reasonable attorney fees, and costs in accordance with the FMLA, FLSA, and the FFCRA; and

d.  Any other relief this Court deems proper and just.

Respectfully submitted this 2nd day of June, 2022.

THE KIRBY G. SMITH LAW FIRM, LLC

/s/Alexander C. Kelly
Alexander C. Kelly
North Carolina Bar No. 49308
111 N. Chestnut St.
Suite 200
Winston-Salem, NC 27101
T: (704) 729-4287
F: (877) 352-6253
ack@kirbygsmith.com

*Attorney for Plaintiff*

## JURY DEMAND

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted this 2nd day of June, 2022.

THE KIRBY G. SMITH LAW FIRM, LLC

/s/Alexander C. Kelly
Alexander C. Kelly
North Carolina Bar No. 49308
111 N. Chestnut St.
Suite 200
Winston-Salem, NC 27101
T: (704) 729-4287
F: (877) 352-6253
ack@kirbygsmith.com

*Attorney for Plaintiff*